J-S55023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                Appellee :
:
        v. :
:
SHAHEED CAMERON, :
:
                Appellant : No. 3285 EDA 2013

Appeal from the Judgment of Sentence Entered October 17, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0901821-2004.

BEFORE: BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 06, 2014**

Appellant, Shaheed Cameron, appeals from the judgment of sentence entered following the revocation of his probation. We affirm.

The trial court summarized the procedural history of this case as follows:

> On March 18, 2005, [A]ppellant pleaded guilty before the Honorable Denis P. Cohen to possession of a firearm as a felony of the second degree, and was sentenced to 11 1/2- 23 months incarceration followed by 4 years probation.[1] As a condition of his sentence, he was to remain in mental health treatment and be supervised by the Mental Health Unit of the Probation Department. Subsequently, [A]ppellant's probation/parole was revoked and he was resentenced by Judge Cohen on July 20, 2005, April 3, 2007, January 30, 2009 and September 23, 2011. On July 6, 2012, [A]ppellant's case was again listed for a violation hearing before Judge Cohen. It was determined that [A]ppellant may need additional supports and the case was transferred to Mental Health Court. On October 11, 2012, the violation hearing was held before [the trial court and J. Woods-

Skipper]. The Court found [A]ppellant in violation of his probation and his probation was revoked. He was re-sentenced to 11 1/2- 23 months incarceration followed by 2 years probation with participation in drug and mental health treatment as conditions of his sentence. At that time, he was also approved for Mental Health Court (MHC). Appellant was released to a treatment housing program a[t] Gaudenzia New Beginnings on March 28, 2013. However, his compliance with treatment was inconsistent and a violation hearing was held on October 17, 2013.[2]

[1] 18 Pa.C.S. § 6105.

[2] Appellant was committed under the Mental Health Procedures Act several times which delayed commencement of the violation hearing.

At the violation hearing, [A]ppellant's assigned Mental Health Court probation officer testified that [A]ppellant was in violation because he had tested positive for drugs, failed to report to his residential placement and failed to report to probation after being discharged. She testified that [A]ppellant was admitted to Fairmount Behavioral Health (Fairmount) on May 31, 2013 for depression. While an inpatient, [A]ppellant tested positive for cocaine and PCP. On June 11, 2013, [A]ppellant was released from Fairmount but failed to return to his housing program at Gaudenzia New Beginnings as required under his MHC treatment plan. On June 17, 2013, [A]ppellant's probation officer received information that [A]ppellant had been taken back to Einstein Hospital, and, because of his behavior, committed under Section 302 of the Mental Health Procedures Act (MHPA). On June 20, 2013, [A]ppellant was discharged from Einstein Hospital and taken into custody from the hospital by the Warrant Unit of the Probation Department, and a forthwith mental health evaluation was ordered. On July 11, 2013, [A]ppellant was deemed incompetent and committed for treatment under Section 305 via Section 405 of the MHPA for a period of 60 days. On September 26, 2013, [A]ppellant was found to be competent to proceed and the violation hearing was held on October 17, 2013. Following presentation of evidence that [A]ppellant had tested positive for illegal substances, had failed to report to the probation department and had failed to

report to his residential treatment program, [A]ppellant was found to be in technical violation of his probation. His probation was revoked and he was sentenced to 5-10 years incarceration. Post sentence motions were filed and denied. This appeal followed.

Trial Court Opinion, 3/12/14, at 1-3.

Appellant presents the following issue for our review:

Did not the court abuse its discretion by imposing an unduly harsh, manifestly excessive and unreasonable punishment, in contravention of the general standards set forth by 42 Pa.C.S.A. § 9721, when it sentenced [Appellant] to a term of total incarceration in a state institution for a period of 5 to 10 years after failing to adequately examine and consider [Appellant's] background, character and rehabilitative needs and the circumstances of his technical violations, and after failing to order a pre-sentence investigation report or placing its reasons on the record for dispensing with such a report?

Appellant's Brief at 4.

Appellant's issue challenges the discretionary aspects of his sentence. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (recognizing a claim that a sentence imposed after probation revocation was excessive is treated as a challenge to the discretionary aspects of sentencing).[1] Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be deemed a petition for allowance of appeal. *Commonwealth v.*

---

[1] In *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*), this Court unequivocally held that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." Thus, there is no impediment to our review.

*W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in

*Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*.

Here, Appellant has satisfied the first three requirements. He filed a timely appeal; he preserved his sentencing claim in a post-sentence motion; and Appellant's brief includes a Pa.R.A.P. 2119(f) statement of reasons

relied upon for allowance of appeal. Appellant's Brief at 10. Thus, we next determine if Appellant's sentencing challenge raises a substantial question.

In his Rule 2119(f) statement, Appellant states:

> In this matter, for technical violations of [Appellant's] supervision, the lower court imposed a term of incarceration of 5 to 10 years. This revocation sentence was imposed for violation of 18 Pa.C.S. § 6105. This Court should grant allowance of appeal from the discretionary aspects of [Appellant's] sentence because the sentencing court violated the express provisions of the Sentencing Code and imposed a manifestly excessive and unreasonable sentence contrary to the fundamental norms which underlie the sentencing process.
>
> * * *
>
> Here, the sentencing court failed to carefully consider all relevant factors as set forth in Section 9721(b) of the Sentencing Code (Title 42). The sentence imposed far surpassed that required to protect the public and failed to address [Appellant's] rehabilitative needs. Specifically, the lower court failed to order a pre-sentence investigation report, and thereby failed to apprise itself of [Appellant's] current level of mental health problems and current degree of contributing social stresses, despite obvious indications that [Appellant's] circumstances had changed since the court had last reviewed [Appellant's] case, that he had undergone significant personal loss due to the death of his grandmother, and that his mental health had deteriorated to the degree that he had attempted suicide and had been involuntarily committed on multiple occasions.

Appellant's Brief at 14.

We conclude that, in this instance, Appellant has raised a substantial question. *See Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (providing that claims of a manifestly excessive and unduly harsh sentence raise a substantial question); *see also Commonwealth v.*

*Williams*, 69 A.3d 735, 740 (Pa. Super. 2013) (opining that an appellant's claim that a sentence following probation revocation was unreasonably disproportionate to her crimes and unduly excessive raised a substantial question); *Commonwealth v. Flowers*, 950 A.2d 330, 332 (Pa. Super. 2008) (holding that an appellant's allegation that the trial court imposed sentence "without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report" raised a substantial question.)

Accordingly, because Appellant has stated a substantial question, we will consider his issue on appeal.

> Our standard of review in appeals of sentencing is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

Additionally, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). In other words, "[p]ursuant to 42 Pa.C.S. § 9771(b), when a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." **Commonwealth v. Crump**, 995 A.2d 1280, 1284 (Pa. Super. 2010). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); **Fish**, 752 A.2d at 923.

It was uncontroverted that Appellant had violated conditions of his probation by testing positive for drugs and having failed to report to Gaudenzia New Beginnings as required upon his release from the hospital. N.T., 10/17/13, at 4-5, 7-8. Following the trial court's finding that Appellant violated probation, Appellant was sentenced to five to ten years of

imprisonment on the original conviction, with credit for time served. *Id.* at 19-20. This sentence was within the range of potential sentencing alternatives available to the court upon Appellant's original conviction. *See* 18 Pa.C.S. § 1103(2) (providing that a person may be convicted, "[i]n the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.") Thus, the sentencing court did not impose an illegal sentence following the probation revocation.

Furthermore, we cannot agree with Appellant's claim that the sentence was manifestly excessive and unreasonable. The trial court provided the following basis for the sentence it imposed on Appellant:

> The evidence indicated that this was [A]ppellant's sixth violation hearing since his guilty plea in 2005. On each occasion [A]ppellant's probation was revoked, and in an effort to accomplish rehabilitation and treat his mental health issues, he received sentences to be served in a County jail facility, and probation. However, his behaviors did not improve. He continued to test positive for the use of illegal substances, failed to report to his probation officer as required, failed to report to his residential treatment facility, and failed to participate in treatment or follow the conditions of Mental Health Court and probation. Based upon the number of violations, and out of concern for the public's safety, the [trial court] determined that [A]ppellant was no longer amenable to any type of County sentence and that a sentence of incarceration to be served in a state correctional facility was necessary not only because of [A]ppellant's likelihood to commit future offenses, but also to vindicate the Court's authority.

Trial Court Opinion, 3/12/14, at 5.

As noted, this was Appellant's sixth violation of probation. The sentences issued by the trial court previously, in an effort to accomplish rehabilitation and treat Appellant's mental health issues, were insufficient to modify his behavior. Additionally, there was evidence that Appellant was a risk to himself and to others. Thus, the sentence of total confinement was appropriately imposed because Appellant's conduct indicates that it is likely he will commit another crime if he is not imprisoned, and such a sentence is essential to vindicate the authority of court. 42 Pa.C.S. § 9771(c)(1-3); *Fish*, 752 A.2d at 923. Appellant has failed to establish that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Mann*, 957 A.2d at 749. Accordingly, the sentence imposed by the trial court was not manifestly excessive or unreasonable.

Appellant further argues that the trial court erred in failing to order a pre-sentence investigation report and in failing to place on the record its reasons for not doing so. Appellant's Brief at 20-21. Appellant maintains that as a result, the trial court did not have adequate information on which to sentence Appellant. *Id.* at 22.

The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a pre-sentence investigation report ("PSI") as an

aid in imposing an individualized sentence.  Specifically, Pa.R.Crim.P. 702 provides, in relevant part, the following:

**702.  Aids in Imposing Sentence**

**(A) Pre-sentence Investigation Report**

(1) The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.

(2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

> (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]

Pa.R.Crim.P. 702(A)(1),(2)(a).[2]

Although Rule 702(A)(2) provides that the requirement to document the reasons for not ordering a pre-sentence report is mandatory, in **Commonwealth v. Flowers**, 950 A.2d 330 (Pa. Super. 2008), this Court made clear that sentencing courts have some latitude in how this requirement is fulfilled.  Citing to **Commonwealth v. Goggins**, 748 A.2d 721 (Pa. Super. 2000),[3] we stated that "technical noncompliance with the

---

[2] This Court has held that Pa.R.Crim.P. 702 is applicable to sentences imposed following the revocation of probation.  **Commonwealth v. Kelly**, 33 A.3d 638, 642 (Pa. Super. 2011).

[3] This Court in **Goggins**, 748 A.2d at 728 opined "[A] sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of

requirements of Rule 702(A)(2) might have been rendered harmless had the court elicited sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing decision[.]" ***Flowers***, 950 A.2d at 333.

Here, a review of the sentencing hearing transcript reflects that the parties provided the trial court with information regarding Appellant's personal background and criminal and psychiatric history prior to sentencing. Indeed, all of the factors outlined in Appellant's Rule 2119(f) statement, of which Appellant maintains the trial court did not apprise itself, were raised and addressed at the sentencing hearing. Specifically, Appellant's attorney provided the court with information regarding Appellant's traumatic and volatile childhood. N.T., 10/17/13, at 6. Appellant addressed the court and described his mental illness and his attempt at self-medicating with street drugs. ***Id.*** at 7-8. Appellant also reported the stress he endured since his grandmother had died. ***Id.*** at 7. Appellant's attorney advised the trial court that Appellant had attempted suicide and was taken into custody for his own protection. ***Id.*** at 13. Appellant's personal, criminal, medical and psychiatric histories was covered during the sentencing hearing . ***Id.*** at 4-5, 10-14, 16-17.

---

the offense, not limited to those of record, as well as the defendant's personal history and background."

Additionally, the trial judge, J. Woods-Skipper, had previous knowledge of Appellant and his history. Appellant was before her on October 11, 2012, for a hearing regarding a previous probation violation and was, at that time, approved for Mental Health Court ("MHC"). Thus, we conclude that the trial court elicited sufficient information during the colloquy to substitute for a PSI report.

We further note that the trial court considered all of these factors when it made the determination that Appellant was in need of a sentence that could provide him additional help:

> Frankly, I don't believe that Gaudenzia can handle [Appellant], and I do think it is time, really, in terms of public safety, for someone who's had at least six prior violations, all of which have been given county sentences, none of which have, obviously, worked for [Appellant], he obviously is not a good candidate to remain in the county system.
>
> He needs some additional help and assistance. So, it's not that I'm losing faith in wanting to help [Appellant], but I think he needs to get the help in a different system, because all of our help has failed him[.]

N.T., 10/17/13, at 15-16. The trial court also recommended that Appellant serve his sentence at SCI Waymart, so that he could continue with mental health treatment. *Id.* at 20. As such, we conclude that the trial court made an informed sentencing decision and did not abuse its discretion in sentencing Appellant without a PSI report or placing on the record its reasons for dispensing with the PSI report.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014